### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ELLIS,<br><br>    Plaintiff,<br><br>v.<br><br>NEXSTAR MEDIA GROUP<br><br>    Defendant. | **ORDER DENYING MOTIONS FOR SETTLEMENT CONFERENCE [ECF 11; ECF 20] AND OTHER MISCELLANEOUS MOTIONS [ECF 8; ECF 19]**<br><br>Case No. 2:25-cv-00748-DAK-CMR<br><br>Judge Dale A. Kimball<br>Magistrate Judge Cecilia M. Romero |

Plaintiff, Kayla Ellis (Plaintiff), has submitted two Motions for Judicial Settlement Conference (Settlement Motions) (ECF 11; ECF 20), which are signed by Plaintiff but not signed by Defendant Nextstar Media Group (Defendant). Defendant filed an Opposition to ECF 11, stating that they have no interest in settlement (*see* ECF 13 at 1). Defendant has not yet filed a response to ECF 20 because the time to respond has not yet passed. Plaintiff has also submitted a motion titled Motion for Good Faith (Good Faith Motion) (ECF 8), in which Plaintiff provides evidence to support her cause of action, hoping that Defendant will engage in a "Good Faith or Mediation" to resolve her claims (ECF 8 at 2). Lastly, Plaintiff filed a Motion for Court Approval and Continuance (Motion to Continue) (ECF 19), wherein Plaintiff seeks court approval to continue her case (*see id*.). Defendant did not file responses to Plaintiff's Good Faith Motion or Motion to Continue, and the time to respond has passed. *See* DUCivR 7-1(a)(4)(D)(ii) ("A response to a motion must be filed within 14 days after service of the motion."). Having considered the filings, the court finds oral argument not necessary and decides these matters on the written Motions. *See* DUCivR 7-1(g). For the reasons herein, the court **DENIES** Plaintiff's Motions.

Concerning the Settlement Motions, it appears that Plaintiff wants to participate in settlement discussions. Plaintiff's first Settlement Motion (ECF 11) was filed on September 15, 2025. On September 16, 2025, Defendant, in their Opposition (ECF 13), clearly stated that they did not have an interest in engaging in settlement discussions. Regarding Plaintiff's most recent Settlement Motion (ECF 20) filed on December 11, 2025, Defendant has not signed it, and there is no evidence that Defendant wishes to engage in settlement discussions. Although the court may order mediation, "[w]hen mediation is forced upon unwilling litigants, it stands to reason that the likelihood of settlement is diminished. Requiring parties to invest substantial amounts of time and money in mediation under such circumstances may well be inefficient." *United States v. Ridley's Family Mkts.*, 525 F. Supp. 3d 1355, 1357-58 (D. Utah 2021) (quoting *In re Atlantic Pipe Co.*, 304 F.3d 135, 144 (1st Cir. 2002)). Here, Defendant has stated that it does not want to participate in mediation, and a Motion to Dismiss is currently pending (ECF 15). The court therefore **DENIES** the Settlement Motions (ECF 11; ECF 20), finding that mediation would be inefficient at this time.

Regarding Plaintiff's Good Faith Motion (ECF 8), the court notes that Defendant has not filed a response, but it is unclear why Plaintiff filed this Motion before the court. It appears that Plaintiff submitted the Motion, which included additional evidence to persuade Defendant to engage in good faith efforts to resolve her case and to demonstrate that she is open to mediation (see ECF 8 at 1). This Motion is premature because it is too early to serve discovery in this matter, and, as stated above, the court finds that mediation would be inefficient at this time. Accordingly, the court **DENIES** Plaintiff's Good Faith Motion (ECF 8).

Regarding Plaintiff's Motion to Continue (ECF 19), the court does not understand why a continuance is necessary. In the Motion, Plaintiff asks the court to extend her case; however, Plaintiff does not specify any deadlines that require a continuance. As of the date of this Order,

there are no current deadlines that need to be extended in this matter. There is a pending Motion to Dismiss (ECF 15) filed by Defendant, but this Motion is fully briefed and ready for decision. No other deadlines apply because a scheduling order has not been entered. Therefore, the court **DENIES** Plaintiff's Motion to Continue (ECF 19).

For these reasons, Plaintiff's Settlement Motions (ECF 11 and ECF 20), her Good Faith Motion (ECF 8), and her Motion to Continue (ECF 19) are **DENIED** without prejudice.

IT IS SO ORDERED.

DATED this 15 December 2025.

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah