**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, NORTHERN DIVISION**

| | |
|---|---|
| ELLIS,<br><br>Plaintiff,<br><br>v.<br><br>NEXSTAR MEDIA GROUP, INC.,<br><br>Defendant. | **REPORT AND RECOMMENDATION DENYING [15] MOTION TO DISMISS**<br><br>Case No. 1:25-cv-00748-DAK-CMR<br><br>District Judge Dale A. Kimball<br><br>Chief Magistrate Judge Cecilia M. Romero |

This matter is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) (ECF 4). Before the court is Defendant Nexstar Media Group's (Defendant or Nexstar) Motion to Dismiss the Amended Complaint (Motion) (ECF 15). Also before the court is *pro se* Plaintiff Kayla Ellis' (Plaintiff) Response (ECF 16) and Defendant's Reply (ECF 17). Plaintiff also filed an improper sur-reply (ECF 18), which the undersigned did not consider.[1] Having carefully considered the relevant filings, the undersigned finds that oral argument is not necessary and will decide the Motion on the basis of written memoranda. *See* DUCivR 7-1(g). For the reasons set forth below, the undersigned RECOMMENDS that the Motion be DENIED.

## I. BACKGROUND

This action was removed to federal court on September 2, 2025 (ECF 1). Plaintiff brings this action seeking relief for disability discrimination in employment under the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101–12213 (ADA) (ECF 2-2 or Amended Complaint).[2]

[1] Plaintiff's Sur-Reply (ECF 18) was improperly filed, as it was filed without court authorization as required under DUCivR 7-1(a)(9). Despite Plaintiff's *pro se* status, she is still obligated to follow this court's rules and procedures. *See Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

[2] The undersigned finds that Plaintiff's Revised Complaint (ECF 2-2) is the operative Complaint in this matter and refers to ECF 2-2 as the Amended Complaint through this ruling.

According to the Amended Complaint, Nexstar interviewed Plaintiff for a Traffic Coordinator position in April 2025 (*id.* ¶ 7). During the interview, Plaintiff disclosed her epilepsy, noting it could cause distraction, headaches, and occasional absences for medical appointments (*id.*). She indicated she would accept the position only if management acknowledged these needs (*id.*). Interviewer Valerie Thatcher (Ms. Thatcher) allegedly confirmed this was "OK" (*id.*). Nexstar hired Plaintiff, and she began work and training on April 14, 2025 (*id.*).

Shortly after starting, Plaintiff informed Ms. Thatcher of an appointment with an epilepsy specialist on April 22, 2025, and requested an extended lunch, which Ms. Thatcher approved (*id.* ¶ 8). When the appointment and related testing took longer than expected, Plaintiff contacted Ms. Thatcher and was granted the remainder of the day off (*id.* ¶ 9). Plaintiff returned to work the next day and provided a medical excuse for her absence (*id.* ¶ 10). The Amended Complaint alleges: "[Plaintiff] also explains that her new Dr. requests a study to be done that will require time in the hospital and that she will need additional time off in the future, and at a date she does not currently know. Ms. Thatcher stated that this is not satisfactory and plans to be FIRED" (*id.*).

On April 28, 2025, Plaintiff learned her hospital study or treatment could occur sooner than planned on May 13, 2025 (*id.* ¶ 11). She alleges that "knowing that she was to be FIRED, had no other choice than to QUIT" (*id.* ¶ 12). On June 6, 2025, Plaintiff notified Ms. Thatcher by email of her intent to pursue legal action (*id.* ¶ 13). Based on these allegations, Plaintiff brings the following two claims for relief:

> **FIRST CLAIM FOR RELIEF**
>
> 18. Plaintiff realleges paragraphs 1-17.
>
> 19. The plaintiff is entitled to recover liquidated damages and costs.
>
> **SECOND CLAIM FOR RELIEF**
>
> 15. Plaintiff realleges paragraphs 1-17.

> 16. Defendant is liable to Plaintiff for punitive damages because Defendant has shown reckless and outrageous indifference to a highly unreasonable risk of harm and has acted with a conscious indifference to Plaintiff's health, safety, and welfare.

(*id.* ¶¶ 18–16).[3]

Defendant moves to dismiss the Amended Complaint for failure to state a claim, arguing that Plaintiff's allegations do not establish a plausible claim for relief under the ADA (ECF 15 at 4–8).

## II. LEGAL STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). In this review, a "court accepts as true well-pleaded factual allegations and views the allegations in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor." *Hendershot v. Gurstel L. Firm, P.C.*, No. 2:20-cv-00118-DBB-DAO, 2020 WL 8083573, at *2 (D. Utah Dec. 17, 2020) (citing *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013)), *report and recommendation adopted*, 2021 WL 76163 (D. Utah Jan. 8, 2021). Furthermore, a party "cannot amend [its] complaint through a brief in opposition to [a] motion to dismiss." *Ayres v. Portfolio Recovery Associates, LLC*, No. 2:17-CV-01088-DN, 2018 WL 6706021, at *1 (D. Utah Dec. 20, 2018) (citing *Huls v. Llabona*, 437 F. App'x 830, 832 n.5 (11th Cir. 2011)).

[3] The Amended Complaint mistakenly goes from ¶ 19 to ¶ 15.

Because Plaintiff is acting *pro se,* her filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Still, a *pro se* plaintiff must "follow the same rules of procedure that govern other litigants." *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)). However, it is not the court's function to assume the role of advocate on behalf of *pro se* litigants. *See Hall*, 935 F.2d at 1110. The court "will [also] not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997).

## III. DISCUSSION

As a preliminary matter, it is unclear what viable legal theory Defendant advances to support dismissal. The heading of Defendant's argument states that "Ellis Fails to State a Claim for Relief under the ADA" (ECF 15 at 4). Although Defendant purports to challenge Plaintiff's ADA claim, the prima facie standard outlined in Defendant's Motion is a standard used for determining the sufficiency of claims brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (Title VII) (*see* ECF 15 at 4). Specifically, Defendant relies on *Khalik v. United Air Lines*, 671 F.3d 1188 (10th Cir. 2012), which involved Title VII discrimination claims. *Id*. at 1189 ("Plaintiff's complaint asserts claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, for retaliation and discrimination because of race, religion, national origin, and ethnic heritage"). Defendant does not identify an applicable ADA standard or explain why the Title VII standard stated in *Khalik* governs Plaintiff's alleged claim or claims under the ADA. *See e.g., Davidson v. Am. Online, Inc.*, 337 F.3d 1179, 1188 (10th Cir. 2003) (explaining "'Discrimination' as used in the ADA encompasses three distinct types of discrimination[,] the

legal standard under each, and application of the *McDonnell Douglas* burden shifting framework). After citing to the Title VII standard from *Khalik*, Defendant argues that Plaintiff has not alleged an adverse employment action because she has not plausibly alleged that she was constructively discharged (ECF 15 at 4–8). In support, Defendant relies on authorities addressing Title VII and other discrimination statutes, but not the ADA (*see id.* (collecting cases)).[4] The Amended Complaint, however, does not assert a claim under Title VII. Instead, Plaintiff expressly identifies the ADA as the statutory basis for her claims (Am. Compl. ¶ 2 ("Plaintiff seeks to call on the Americans with Disability's Act . . .")). If Defendant was uncertain or unclear about the ADA claim that Plaintiff was asserting, the Motion could have raised these concerns, but it did not.

Instead, Defendant acknowledged that Plaintiff is proceeding under the ADA (*see* ECF 15 at 4 ("Plaintiff Fails to State a Claim for Relief Under the ADA")). Despite this acknowledgment, Defendant provides no argument connecting the Title VII standard and authorities cited in its Motion to the ADA claim or claims allegedly asserted in the Amended Complaint. Nor does Defendant provide clear authority establishing that the Title VII framework upon which it relies governs the particular ADA claim or claims it aims to dismiss. In short, although Defendant asserts that Plaintiff has failed to state a claim under the ADA, it provides only Title VII authority, with no explanation as to why that authority governs the ADA claim or claims at issue.

Under DUCivR 7-1(a)(1), a motion and supporting memorandum must identify the grounds for the requested relief and include "a recitation of relevant facts, supporting authority, and argument." Defendant's Motion does not satisfy that requirement because it claims to be

[4] The only case Defendant cites that addresses claims brought under the ADA is *Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1209 (10th Cir. 2018) (ECF 15 at 6). However, the language Defendant quotes from *Lincoln* concerns the adequacy of an ADA "retaliation claim" (ECF 15 at 6 (quoting *Lincoln*, 900 F.3d at 1209)). Defendant has not adequately shown that it is moving to dismiss an ADA claim, much less which type of ADA claim. Therefore, the undersigned concludes that Defendant has not demonstrated why *Lincoln* is relevant.

addressing the sufficiency of an ADA claim but supports its arguments almost exclusively relying on case law and authority discussing the sufficiency of claims brought under Title VII.

Furthermore, Plaintiff's Response in Opposition appears to clarify that she is asserting a "failure-to-accommodate" theory under the ADA (ECF 16 at 5 ("As an obedient employee from day one, I clearly stated that I had a medical condition, epilepsy, and Nexstar should have had no surprise later when asked for reasonable accommodation.")). Plaintiff asserts she requested a reasonable accommodation for her epilepsy, but Defendant used "duress and harsh tactics" to compel her resignation (*id.*). Further, she cites 42 U.S.C. § 12112(b)(5)(A), which defines unlawful discrimination as an employer's failure to make reasonable accommodations for known limitations of a qualified employee with a disability, and references relevant case law (*id.* at 6, 8–12).[5]

In its Reply, Defendant acknowledges this theory and argues that Plaintiff has failed to state such a claim (ECF 17 at 2). Defendant, however, did not address a failure-to-accommodate claim in its Motion; it raised that argument for the first time in its Reply. "When an argument is raised for the first time in reply, a district court may either grant leave to file a surreply or may disregard the newly raised materials and arguments." *C&M Resources, LLC v. Extraction Oil and Gas, Inc.*, 159 F.4th 755, 762 (10th Cir. 2025) (citing *Conroy v. Vilsack*, 707 F.3d 1163, 1180 n.6 (10th Cir. 2013)). Because Defendant did not challenge the sufficiency of a failure-to-accommodate claim in their Motion, Plaintiff did not have an adequate opportunity to respond to that argument. The undersigned therefore declines to consider Defendant's newly raised arguments included within its Reply.

[5] The undersigned notes that Plaintiff raises various new allegations in her Opposition. Because the court is constrained to "the four corners" of the Complaint, the undersigned did not consider the new/additional allegations which were not included within her Amended Complaint. *See Duran v. Colbert*, No. 2:16-CV-805 CW, 2023 WL 2742738, at *2 (D. Utah Mar. 31, 2023) (citing *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994) ("The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true.")). That said, the additional allegations help clarify what ADA claim Plaintiff is asserting.

## IV. RECOMMENDATION

For the reasons stated above, the undersigned recommends that the court DENY Defendant's Motion to Dismiss (ECF 15) without prejudice.

## V. NOTICE

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within **fourteen (14) days** of being served with a copy, any party may serve and file written objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 27 July 2026.

Cecilia M. Romero

Chief Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah